UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
In re:

GARY TASHLITSKY
aka IGOR TASHLITSKY

                            Debtor.
------------------------------------------------------------------------X
YANKOWITZ LAW FIRM, P.C.,

                            Plaintiff,

    -against-

GARY TASHLITSKY aka IGOR TASHLITSKY,

                            Defendants.
------------------------------------------------------------------------X

**Chapter 7**

Case No.: 12-45669-CEC

Adv. Proc. No. 12-1304-CEC

**AFFIRMATION IN REPLY**

      **JACK A. YANKOWITZ**, declares that I am a member of the YANKOWITZ LAW FIRM, P.C., pro-se Plaintiff, and make this declaration in reply to the Affirmation submitted by defendant in Opposition to Plaintiff's motion for an Order terminating or modifying the Automatic Stay Pursuant to 11 U.S.C. §§362(d)(1)&(2), of the Movant's State Court action pending in the Supreme Court of the State of New York, County of Nassau, entitled YANKOWITZ LAW FIRM, P.C. v. CHRISTOPHER GLADD, et.al, Supreme Court, Nassau County, Index No.: 005072/09, in which Movant seeks an award of money damages for the fraud, tortious diversion and interference, embezzlement and willful causing injury and damage to plaintiff by the Debtor, and for such other and further relief as the Court deems appropriate.

      1.     As the defendant notes, the claims remaining before this Court are the §523(a)(6) claim for willful and malicious injury to the property of another and the §523(a)(4) claim for embezzlement of firm resources. These claims are based on the defendant's design, participation in

and cover-up of the fraudulent scheme for and tortious diversion of clients from the Yankowitz Law Firm, P.C. There can be no limitation or restriction on the discovery process once the defendant TASHLITSKY is referred to the State Court litigation.

2. The defendant's claim that the causes of action for fraud and unjust enrichment in the State Court action have been discharged or dismissed by this Court's June 24, 2013 decision are incorrect. The defendant's fraudulent activities are directly related to the willful and malicious injury perpetrated by the defendant upon the Yankowitz Law Firm, P.C. The claim of unjust enrichment is directly related to the claim for embezzlement of firm resources, which the defendant acknowledges survives. It is clear that the willful and malicious injury caused by the defendant upon the Yankowitz Law Firm, P.C. is part and parcel of the fraud and embezzlement which TASHLITSKY perpetrated.

3. Defendant's request that the Modification Order should state that Yankowitz shall have no right to collect from the Debtor any sums that are awarded in the State Court Action nor shall Plaintiff be permitted to enforce or enter any State Court award or verdict against the debtor is, on its face, preposterous. This would have the effect of making the State Court action an exercise in futility, a moot point before it is even completed. Plaintiff does agree that upon any award in the State Court action against TASHLITSKY, the Yankowitz Law Firm will return to the Bankruptcy Court for enforcement and collection of any such award, but the Yankowitz Law Firm has the right to collect. Enforcement of this right is another issue entirely, and cannot be summarily stripped in the manner requested by the defendant. The plaintiff already made clear in the Declaration that, upon any award in the State Court action, the plaintiff would return to this Court who shall retain jurisdiction, for the execution, enforcement or collection of any judgment or settlement in the State

Court action that may be obtained against the debtor/defendant from any assets or property of the Estate and/or directly from the defendant.

4. The defendant's next request, that the Modification Order should state that in the event of a non-appealable finding of monetary liability on the part of the debtor as a result of tortious interference with the plaintiff's prospective advantage, the automatic stay should automatically be reinstated to the extent it had been modified. Once again, this request seems, on its face, to make no sense. If any such finding of monetary liability against the debtor is found in the State Court action, the plaintiff will, as stated, shall return to this Court who shall retain jurisdiction, for the execution, enforcement or collection of any judgment or settlement in the State Court action that may be obtained against the debtor/defendant from any assets or property of the Estate and/or directly from the defendant.

## **NOTICE**

Copies of this Affirmation have been filed by ECF this date and have also been served via regular mail upon:

>Spence Law Office, P.C.
>Attorneys for Debtor
>GARY TASHLITSKY  aka IGOR TASHLITSKY
>500 North Broadway
>Suite 200
>Jericho, NY 11753

**WHEREFORE**, for all the foregoing reasons, Movant respectfully requests that this Honorable Court enter an Order terminating the automatic stay as it applies to Yankowitz Law Firm, P.C. v. Christopher P. Gladd, et.al., pending in New York State Supreme Court, Nassau County, Index No.:

005072/09.

Dated: Great Neck, New York
      August 13, 2013

                                          THE YANKOWITZ LAW FIRM, P.C.

                                          BY: JACK A. YANKOWITZ, ESQ.
                                          Attorneys for Plaintiff(s)
                                          YANKOWITZ LAW FIRM, PC
                                          175 East Shore Road
                                          Great Neck, NY 11023
                                          (516) 622-6200
                                          Our File No. 1000-09

TO:
Spence Law Office, P.C.
Attorneys for Debtor
GARY TASHLITSKY  aka IGOR TASHLITSKY
500 North Broadway
Suite 200
Jericho, NY 11753